```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x
GREGORY JOHN FISCHER,

                        Plaintiff,

           -against-                           MEMORANDUM & ORDER
                                               16-CV-1224(JS)(ARL)
RAFAEL EDWARD CRUZ, also known as
TED CRUZ, NYS BOARD OF ELECTIONS, and
SUFFOLK COUNTY BOARD OF ELECTIONS,

                        Defendants.
----------------------------------------x
APPEARANCES
For Plaintiff:         Gregory John Fischer, pro se
                       303 Southfield Road
                       Calverton, NY 11933

For Defendants:
Rafael Edward Cruz     Daniel M. Sullivan, Esq.
                       Holwell Shuster & Goldberg, LLP
                       750 Seventh Ave., 26th Fl.
                       New York, NY 10019

NYS Board of Elections Brian Lee Quail, Esq.
                       NYS Board of Elections
                       40 N. Pearl Street, Floor 5
                       Albany, NY 12207

                       Ralph Pernick, Esq.
                       New York State Attorney General
                       200 Old Country Road, Suite 240
                       Mineola, NY 11501

Suffolk County Board   Leonard G. Kapsalis, Esq.
Of Elections           Suffolk County Department of Law
                       100 Veterans Memorial Highway
                       P.O. Box 6100
                       Hauppauge, NY 11788

SEYBERT, District Judge:
```

        Pro se plaintiff Gregory John Fischer ("Plaintiff") commenced this action against defendants Rafael Edward ("Ted")

Cruz ("Senator Cruz"), the New York State Board of Elections, and the Suffolk County Board of Elections (collectively, "Defendants") seeking: (1) a declaratory judgment that Senator Cruz is "ineligible and disqualified to run/seek the Office of President of the United States of America"; (2) a "more precise definition" of the phrase "natural born citizen" as it appears in Article II, Section 1, of the United States Constitution; and (3) an award of costs, expenses, and attorneys' fees. (See Compl., Docket Entry 1, at 9.[1])

The United States Constitution provides that the President must be a "natural born citizen." U.S. CONST. art. II, § 1, cl. 5. Plaintiff alleges that Senator Cruz, who seeks to be the Republican Party's presidential candidate in this year's election, is not eligible to serve as president because he was born in Canada and is not a "natural born citizen." (Compl. ¶¶ 13-15.) Presently pending before the Court is Plaintiff's Order to Show Cause seeking a temporary restraining order and preliminary injunction enjoining Defendants from placing Senator Cruz "on the ballot for the public office of President of the United States of America" during the pendency of this action. (Pl.'s Mot., Docket Entry 3, at 1.) The New York State Board of Elections has opposed Plaintiff's motion and alleges that Plaintiff lacks standing and

---

[1] The page numbers are those generated by the Electronic Case Filing System.

is otherwise unable to satisfy the standards for a temporary restraining order or preliminary injunction. (Def.'s Ltr., Docket Entry 9.) For the following reasons, the Court sua sponte DISMISSES this action for lack of standing and TERMINATES Plaintiff's motion as moot.

DISCUSSION

Standing is a jurisdictional question that concerns "the power of the court to entertain the suit." Warth v. Seldin, 422 U.S. 490, 498, 95 S. Ct. 2197, 2205, 45 L. Ed. 2d 343 (1975). "Because the standing issue goes to this Court's subject matter jurisdiction, it can be raised sua sponte." Plante v. Dake, 621 F. App'x 67, 69 (2d Cir. 2015) (internal quotation marks and citation omitted). See also FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

To establish standing under Article III, a plaintiff must show:

> (1) [T]hat he suffered an injury-in-fact--an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical; (2) that there was a causal connection between the injury and the conduct complained of; and (3) that it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

Carver v. City of N.Y., 621 F.3d 221, 225 (2d Cir. 2010) (ellipsis in original) (internal quotation marks and citation omitted). A

3

plaintiff suffers an injury-in-fact when he is injured in a "personal and individual way." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 n.1, 112 S. Ct. 2130, 2136 n.1, 119 L. Ed. 2d 351 (1992).

To date, three other federal courts have rendered decisions with respect to actions seeking declaratory or injunctive relief in connection with Senator Cruz's alleged ineligibility to run for president based on his birthplace of Canada. See Wagner v. Cruz, No. 16-CV-055, 2016 WL 1089245 (D. Utah Mar. 18, 2016), appeal filed, No. 16-4044 (10th Cir. Mar. 31, 2016); Librace v. Martin, No. 16-CV-0057 (E.D. Ark. Feb. 29, 2016) (unreported)[2]; Booth v. Cruz, No. 15-CV-0518, 2016 WL 403153 (D.N.H. Jan. 20, 2016), report and recommendation adopted, 2016 WL 409698 (D.N.H. Feb. 2, 2016). In each instance, the action was dismissed for lack of standing.

The Wagner Court held that the plaintiff failed to establish an injury in fact. Wagner, 2016 WL 1089245, at *2. Specifically, the Wagner plaintiff did not demonstrate "any particularized harm resulting from Senator Cruz's campaign," and solely relied on his status as a citizen and registered voter. Id. at *3 (Noting that "it is not enough for an individual to bring a lawsuit based on his status as a 'citizen' or a 'taxpayer.'")

---

[2] The Librace decision can be found at Docket Entry 9-1.

4

(citation omitted). Additionally, the court held that the plaintiff's alleged harms of Senator Cruz "potentially skew[ing]" election results and "potentially . . . unlawfully serving as President" were speculative rather than "actual and imminent." Id. (internal quotation marks and citation omitted). Similarly, the Librace Court held that the plaintiff's claims regarding Senator Cruz's ineligibility were "not concrete and particularized because he shares these injuries with every other voter in Arkansas."[3] Librace, at 3 (noting that courts have consistently held that voters are not afforded standing to file suit based on the "birther" argument) (collecting cases). The Booth Court also held that the plaintiff lacked standing and rejected the plaintiff's argument that Senator Cruz's presence on the New Hampshire Republican Primary ballot impeded his right to vote. Booth, 2016 WL 403153, at *2. The court held that Senator Cruz's inclusion on the ballot did not affect the plaintiff's ability to vote for the candidate of his choice and noted that "an individual voter challenging the eligibility of a candidate for President lacks standing to assert a claim based on the general interests of the voting public." Id.

---

[3] The Librace plaintiff also alleged that Senator Marco Rubio similarly failed to satisfy the Constitution's "natural born citizen" requirement. Librace, at 1.

5

Here, Plaintiff "asserts his standing as a voter and seeks to protect his voter's rights" and argues that "the distraction posed by an 'ineligible' candidate erodes the Plaintiff's voter's rights to have any pragmatic choice of Presidential Candidate in the US general election in November 2016." (Compl. ¶ 18; see also Pl.'s Br., Docket Entry 3-2, at 5 (alleging that if Senator Cruz is included on the ballot, "the Plaintiff will (or may) suffer irreparable harm and an illegitimate candidate would gain some unjust enrichment").) Even when the pro se Complaint is "liberally construed," Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (internal quotation marks and citation omitted), this Court concurs with its sister courts that Plaintiff's allegation that Senator Cruz's presence on the ballot will somehow damage his rights as a voter does not constitute a sufficiently particularized injury to establish standing under Article III. Indeed, like the plaintiff in Librace, Plaintiff shares this alleged injury with every other voter in the State of New York. See Lujan, 504 U.S. at 573-74 ("[A] plaintiff raising only a generally available grievance about government . . . and seeking relief that no more directly and tangibly benefits him than it does the public at large--does not state an Article III case or controversy."); Crist v. Comm'n on Presidential Debates, 262 F.3d 193, 195 (2d Cir. 2001) (Concurring with other Circuit Courts that "a voter fails to

6

present an injury-in-fact when the alleged harm is abstract and widely shared or is only derivative of a harm experienced by a candidate.").

Plaintiff also alleges that he will suffer injury because his preferred candidate "may be forced to end his campaign" or "may not achieve ballot status for the November General Election." (Pl.'s Aff., Docket Entry 3-3, at 2.) However, the notion that Senator Cruz may "siphon[ ]" votes away from other, eligible candidates is also too speculative to establish standing. See Radford v. Erie Cty. Bd. of Elections, No. 09-CV-0583, 2011 WL 4527327, at *5 (W.D.N.Y. Sept. 27, 2011) (Dismissing the plaintiffs' challenge to the inclusion of a candidate on absentee ballots and holding that "[a]ny claimed injury based on the alleged siphoning of other people's votes away from [the plaintiffs' desired candidate] is too attenuated to provide the basis for standing."); Hollander v. McCain, 566 F. Supp. 2d 63, 69 (D.N.H. 2008) ("[V]oters have no standing to complain about the participation of an ineligible candidate in an election, even if it results in the siphoning of votes away from an eligible candidate they prefer."). Moreover, Senator Cruz's inclusion on the ballot does not affect Plaintiff's ability to vote for his preferred candidate. See Booth, 2016 WL 403153, at *2 ("[N]othing in the complaint suggests that Sen. Cruz's presence on the ballot creates any such hindrance as [plaintiff] remains free to vote for

7

whichever candidate he chooses, decline to vote for Sen. Cruz or any other individual on the ballot, or write in a candidate of his choice.").

Plaintiff also appears to argue that he should be afforded "taxpayer standing," relying on Flast v. Cohen, 392 U.S. 83, 88 S. Ct. 1942, 20 L. Ed. 2d 947 (1968). (Pl.'s Br. at 2-5.) Generally, taxpayer status "is insufficient to confer . . . standing to bring a lawsuit seeking to hold a government action or a statute unconstitutional in the absence of an articulable injury-in-fact that is distinct from the injury suffered by all such citizens or taxpayers." Schulz v. U.S. Fed. Reserve Sys., 370 F. App'x 201, 202 (2d Cir. 2010). However, in Flast, the Supreme Court set forth an exception to this general rule that affords litigants taxpayer standing where they: "(1) 'establish a logical link between that status and the type of legislative enactment attacked' and (2) 'establish a nexus between that status and the precise nature of the constitutional infringement alleged.'" Heghmann v. Sebelius, No. 09-CV-5880, 2010 WL 2643301, at *4 (S.D.N.Y. May 13, 2010) (quoting Flast, 392 U.S. at 102-103, 105-106). Nevertheless, the Supreme Court has not extended the Flast exception beyond Establishment Clause claims. Id. at *4 (citing DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 347, 126 S. Ct. 1854, 164 L. Ed. 2d 589 (2006); Hein v. Freedom From Religion Foundation, Inc., 551 U.S. 587, 609-10, 127

S. Ct. 2553, 2568-69, 168 L. Ed. 424 (2007) (internal quotation marks omitted)). While Plaintiff alleges that "this matter has an Establishment Clause edge to it because it raises complex voting rights questions," (Pl.'s Br. at 5) the Court finds that this action to effectively remove Senator Cruz from the ballot is not analogous to actions asserting violations of the guarantee that "Congress shall make no law respecting an establishment of religion." U.S. CONST. amend. I.

Putting aside the absence of any Establishment Clause challenge, Plaintiff's previously noted "generalized grievance" fails to establish a link between a federal spending provision and the Constitution's "natural born citizen" requirement. See Drake v. Obama, 664 F.3d 774 (9th Cir. 2011) (Holding that plaintiffs did not establish taxpayer standing because they only asserted a "generalized grievance" and failed to show a "nexus between the constitutional requirement that the President be a natural born citizen and any challenged spending provision or action."). Even affording the pro se Complaint its most liberal reading, the allegation that "Federal election related expenditures are directly attributable to each and every individual candidate that appears on a Federal ballot or even seeks to appear on a Federal ballot . . . [and] any 'fraudulent' or otherwise ineligible candidate causes the waste and squandering of US Taxpayer monies" does not suffice to demonstrate the requisite nexus for taxpayer

9

standing. (Compl. ¶19.) Accordingly, the Flast exception is not applicable to this matter.

Finally, Plaintiff alleges that this action is distinguishable from similar lawsuits filed across the nation based on his status as "an endorsed 2016 NYS Senate Candidate, and also an elected party official as a matter of public record."[4] (Pl.'s Reply, Docket Entry 12, at 9.) Notwithstanding the Plaintiff's failure include this unsupported assertion in the Complaint, Plaintiff's alleged status as a 2016 state senate candidate and/or political party official does not create a basis for standing in this action.

Several Circuit Courts, including the Second Circuit, have recognized the principle of "competitor" or "competitive" standing. See Radford, 2011 WL 4527317, at *4 (collecting cases); Drake, 664 F.3d at 782-83 (collecting cases; citing Schulz v. Williams, 44 F.3d 48 (2d Cir. 1994)). Indeed, "a candidate or his political party has standing to challenge the inclusion of an allegedly ineligible rival on the ballot, on the theory that doing so hurts the candidate's or party's own chances of prevailing in the election." Hollander, 566 F. Supp. 2d at 68. However, Plaintiff is not a candidate seeking to challenge the inclusion of

---

[4] Plaintiff has not specified which political party he is allegedly an elected official of, nor has he filed this action in his capacity as an official of a political party.

a rival on the ballot.  While Plaintiff and Senator Cruz may appear on the same ballot, Plaintiff is, by his own account, running for a different political office than Senator Cruz.  The Court finds that Senator Cruz's potential inclusion on the ballot as a presidential candidate will have no discernable effect on Plaintiff's chances of prevailing in the state senate race.  See Hollander, 566 F. Supp. 2d at 68 (Noting that competitive standing has not been extended to a voter's challenge to a candidate's eligibility.).  Accordingly, Plaintiff is not entitled to competitor standing as he cannot "claim that [he] would be injured by the potential loss of an election."  Drake, 664 F.3d at 784 (internal quotation marks and citation omitted).  Cf. Gottlieb v. Fed. Election Comm'n, 143 F.3d 618, 620-21 (D.C. Cir. 1998) (Holding that the Political Action Committee ("PAC") was not entitled to competitor standing to challenge the Clinton campaign's receipt of federal matching funds because "[the PAC] was never in a position to receive matching funds itself."). Parenthetically, Plaintiff's allegation that a "nationally known Presidential Candidate" is seeking to join this lawsuit is highly speculative and has no relevance to Plaintiff's standing.  (Pl.'s Reply at 2.)

    Accordingly, the Court sua sponte DISMISSES this action without prejudice and Plaintiff's motion is TERMINATED AS MOOT.  See Wells Fargo Bank, N.A. v. Ullah, 13-CV-0485, 2014 WL 2117243,

11

at *3 (S.D.N.Y. May 21, 2014) ("Dismissals for lack of standing are dismissals without prejudice because standing may ebb and flow."). See also N.Y. Bankers Ass'n, Inc. v. City of N.Y., No. 13-CV-7212, 2014 WL 4435427, at *14, n.12 (S.D.N.Y. Sept. 9, 2014) ("[H]aving determined that Plaintiff lacks standing pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, the Court must sua sponte dismiss the Complaint as to the City.) (collecting cases).

## CONCLUSION

The Court sua sponte DISMISSES this action without prejudice for lack of standing and Plaintiff's Order to Show Cause (Docket Entry 3) is TERMINATED AS MOOT. The Clerk of the Court is directed to mail a copy of this Memorandum & Order to the pro se Plaintiff and mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: April  7 , 2016
Central Islip, New York